IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21126
Conference Calendar

_____

DEVIN PAUL COLE,

Plaintiff-Appellant,

versus

GEORGE BUSH, JR.; WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division; SHARON BRYANT;
STEPHANIE JOSEPH; TEXAS ATTORNEY GENERAL'S
OFFICE; DIRECTOR OF PAROLE BOARD,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-2548
--------------------
June 15, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Devin Paul Cole, Texas prisoner # 582965, appeals the

district court's dismissal of his pro se, in forma pauperis

("IFP") 42 U.S.C. § 1983 lawsuit as barred by the three-strikes

provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.

§ 1915(g).  Cole concedes that he has sustained at least three

strikes and that he was a prisoner when he filed the prior

lawsuits.  He does not allege that he is under any "imminent

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

danger of serious physical injury." See § 1915(g). Instead, he argues that the PLRA does not apply because his lawsuit did not challenge conditions of confinement; alternatively, he contends that he should be allowed to proceed in the best interests of safety and justice.

Cole's arguments are facially frivolous. See § 1915(g). Because he does not challenge the district court's finding that he had at least three "strikes" within the meaning of § 1915(g) at the time he filed the instant lawsuit and does not argue that he is under any imminent danger, he has failed to demonstrate that the district court erred in determining that the lawsuit was barred by § 1915(g). However, the district court's order allowing Cole to proceed IFP on appeal is RESCINDED as improvidently granted. Cole has fifteen days to pay the full $105 filing fee or risk dismissal of his appeal for want of prosecution. 5TH CIR. R. 42.3.1.2

If his brief is liberally construed, Cole also moves this court for the appointment of counsel. His motion is DENIED.

IFP RESCINDED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED.